BELMONT, (TYSON v.) See Cases Nos. 14,-315a and 14,316.

BELSON, (SPEAR v.) See Case No. 13,223.

BELT, (CONNOLLY v.) See Case No. 3,117.

---

## Case No. 1,282.
### BELT v. COOK.
[3 Cranch, C. C. 666.] [1]
Circuit Court, District of Columbia. Dec. Term, 1829.

CONTRACTS—EXTRA WORK — QUESTION FOR JURY.

1. Extra work, done upon houses built by contract in writing, cannot be recovered of the owner, unless there was a separate contract between the parties that such extra work should be done by the builder, and paid for by the owner; or unless the owner, while the houses were building, requested the builder to do the extra work, knowing that it was not comprehended in the written contract, and that the cost of the houses would be thereby increased.

2. The mere circumstance of the owner's knowing that the extra work was doing, and not objecting to it, does not raise a contract on his part to pay for it; but is evidence competent to be given to the jury, tending to prove that there was an agreement that the extra work should be paid for by the owner.

At law. Assumpsit [by James Belt against the executors of Thomas Cook] for extra

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

work done upon two houses, under a written contract under seal.

Upon the trial, THE COURT, at the prayer of Mr. Jones, for the defendants, instructed the jury, that the plaintiff is not entitled to recover upon the evidence aforesaid, for the work charged as extra work, over and above the sums specified in the said written contract, unless the jury should be satisfied, by the evidence, that there was a separate contract between the parties that such extra work should be done by the plaintiff, and paid for by the defendants' testator, over and above the sums stipulated in the aforesaid written contract. Or unless the said testator, while the houses were building, required or requested the plaintiff to do the said extra work, knowing that it was not comprehended in the said written contract, and that the cost of the said houses would be thereby increased. And that the mere circumstance of the said testator's knowing that the plaintiff was doing the said work, and not objecting to it, if proved to the satisfaction of the jury, does not raise a contract on his part to pay for it, over and above the sums stipulated in the said written contract; but is evidence competent to be given to the jury, towards satisfying them that there was an agreement between the parties that the said extra work should be paid for by the testator. The defendants' counsel cited Ellis v. Hamlen, 3 Taunt. 52; Starkie, Ev. pt. 4, p. 1002; and Young v. Preston, 4 Cranch, [8 U. S.] 239.

Verdict for plaintiff, $216.61, and interest. Motion for a new trial,—overruled,—and judgment.